CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
KYRA NICKELL (Bar No. 328816)
(E-Mail: Kyra_Nickell@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
ANGUS JOHNSON

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:25-cr-00588-E |
| Plaintiff, | |
| v. | **DEFENDANT ANGUS JOHNSON'S SENTENCING MEMORANDUM; EXHIBITS** |
| ANGUS JOHNSON, | |
| Defendant. | |

Defendant Angus Johnson, through counsel, hereby submits this memorandum for the Court's consideration prior to sentencing.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: October 24, 2025        By  /s/ Kyra Nickell

KYRA NICKELL
Deputy Federal Public Defender
Attorney for ANGUS JOHNSON

1

## I.  INTRODUCTION

Mr. Johnson stands before the Court after swiftly accepting responsibility in this case and pleading guilty. The conduct underlying this case is an aberration in Mr. Johnson's life. He has was raised with a loving family, achieved his academic goals, and worked hard on his creative endeavors—which he continues to pursue to this day. For the reasons discussed below, Mr. Johnson requests a sentence of 14 days' imprisonment, a one-year period of supervised release, a $100 fine, and a $25 special assessment.

On June 17, 2025, Mr. Johnson appeared in this district on a Complaint in the instant case. Dkt. 5. The complaint, filed on June 16, 2025, alleged that Mr. Johnson's actions were in violation of 18 U.S.C. §§ 111. Dkt. 1. Mr. Johnson signed a pre-indictment plea agreement with the United States' Attorney's office on July 11, 2025. Dkt. 16. The agreement was filed on July 14, 2025. Dkt. 16.

Mr. Johnson formally changed his plea with the Court at the Change of Plea hearing on August 6, 2025. Dkt. 23. Mr. Johnson admitted to violating 18 U.S.C. §§ 111(a)(1), a Class A Misdemeanor. Sentencing is set for November 7, 2025.

## II. THE PRESENTENCE INVESTIGATION REPORT

The Presentence Report has determined Mr. Johnson's criminal history category to be I. The defense does not object to the Probation Office's calculation of the criminal history. Based on a criminal history category of I and a stipulated offense level of 9, the advisory sentencing guideline range is 4 to 10 months.

## III. SENTENCING CONSIDERATIONS UNDER 18 U.S.C. § 3553(A)

### A. A 14-day sentence, followed by one year of supervised release, a $100 fine, and a $25 special assessment satisfies the goals of sentencing.

In determining an appropriate sentence for Mr. Johnson, the Court must consider the factors set forth in 18 U.S.C. § 3553, including, among other things, the nature and circumstances of the offense; the history and characteristics of the offender; the need to reflect the seriousness of the offense, promote respect for the law, provide just

punishment, and afford adequate deterrence; the need to provide the defendant with needed education, vocational training, medical care or other correctional treatment; and the applicable sentencing range under the advisory sentencing guidelines. 18 U.S.C. § 3553(a); *United States v. Booker*, 543 U.S. 220 (2005). There is no presumption that the advisory guideline range is the reasonable or appropriate sentence, *United States v. Gall*, 552 U.S. 38, 49–50 (2007), and "extraordinary circumstances are not needed to justify a sentence outside the guidelines range," *United States v. Ruff*, 535 F.3d 999, 1002 (9th Cir. 2008). The task for the Court is to impose a reasonable sentence, based on the individual defendant and the facts and circumstances of the particular case at hand, that is "sufficient, but not greater than necessary," to achieve the statutory purposes of sentencing. 18 U.S.C. § 3553(a).

### 1.    Mr. Johnson's Personal History and Characteristics

Mr. Johnson grew up in a stable home in Portland, Oregon where he lived with both of his parents, his younger sister, and a number of pets. PSR ¶ 41, 43, Exh. A, B, C, S. He was surrounded by an incredible support system that remains by his side today. *See* Exh. A-U. These deep relationships and bonds reflect the type of person that Mr. Johnson is to his core. The tremendous outpouring of support and love for Mr. Johnson—even when he is facing the consequences of a momentary lapse in judgment—shows how the actions leading him before this Court are merely an aberration and not Mr. Johnson's norm.

From a young age, Mr. Johnson has been a naturally curious person with a drive to learn more about himself and the world. It was impressed upon him that experience is the best education. He started working when he was in high school and continued on to do manual labor on a farm in Oregon for about eight months to earn money. *See* PSR ¶ 47. Mr. Johnson carefully calculated how much he would need to save to backpack for two months in Europe before pursuing his Bachelor's degree at Loyola Marymount University ("LMU"). Traveling taught him things that textbooks simply could not. It broadened his cultural perspective and further developed his passion for the arts.

In the Fall of 2019, Mr. Johnson enrolled at LMU to study Film and Television Production. His academic performance and community involvement during high school earned him the Arrupe Scholarship from LMU—covering approximately half of his college tuition costs. Even with a scholarship, Mr. Johnson worked at the LMU radio station during college to save up to buy his own car. Mr. Johnson earned his Bachelor of Arts, with *cum laude* honors, in May 2023. Exh. V.

The fact that Mr. Johnson is at the start of his career is both a significant mitigating and deterring factor. In the weeks and months since this offense, Mr. Johnson has taken it upon himself to work with a therapist to be more cognizant of his emotions and to work on self-regulation. PSR ¶ 57. Moreover, Mr. Johnson is involved in the creative industry and wants to turn his passions into a lifelong career. He currently utilizes his skills to build film sets, assist with artist relations, and perform in two different bands. *See* PSR ¶ 61-63.

The adage of "experience is the best education" holds true here. Mr. Johnson reports being disappointed in himself because he holds himself to a higher standard. *See* PSR ¶ 57. The consequences of this case have been on the forefront of his mind since his arrest and it will continue to serve as a significant deterrent against engaging in any similar conduct in the future.

In light of Mr. Johnson's history and characteristics, a 14-day sentence is appropriate here.

## IV. A DOWNWARD VARIANCE IS WARRANTED

**A. Mr. Johnson's youthfulness at the time of the offenses warrants a downward variance.**

United States Sentencing Guidelines § 5H1.1 allows the Court to vary downward due to a defendant's youthfulness at the time of the offense. Section 5H1.1 accounts for the fact that an individual develops into their mid-20's. This provision also highlights how individuals of a younger age tend to be more impulsive and tend to be more amenable to rehabilitation.

4

Mr. Johnson was 24-years-old when the acts in this case occurred. Since the commission of the offense, Mr. Johnson has taken significant steps to reflect upon his actions and learn from them. This is evidenced by his participation in mental health treatment and is captured in the voluminous letters of support, where a number of friends and family members acknowledge Mr. Johnson's self-reflection and growth since this event. *See* Exh. A-U. In light of Mr. Johnson's youthful status at the time of the offense, a variance resulting in a sentence of 14 days' imprisonment is warranted.

### V. CONCLUSION

For the foregoing reasons, Mr. Johnson respectfully requests that the Court impose a sentence of 14 days' imprisonment, a one-year period of supervised release, a $100 fine, and a $25 special assessment.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED:  October 24, 2025          By  */s/ Kyra Nickell*

KYRA NICKELL
Deputy Federal Public Defender
Attorney for ANGUS JOHNSON

5
